Battle, J.
 

 The decision of the question presented in this case, depends upon the construction of the first and tenth sections of the 4th chapter of the Revised Code. The first section gives an appeal to the superior court to every free person, whether plaintiff or defendant, who shall be dissatisfied with the sentence, judgment or decree of the county court, but requires the appellant, before obtaining the same, to give bond with sufficient security for prosecuting the appeal with effect, and for performing the judgment, sentence or decree which the superior court may render against him. The tenth section enacts that “bonds taken for the prosecution of appeals, shall make a part of the record sent up to the superior court, on which judgment may be entered against the appellant and his sureties in all cases where judgment shall be rendered against the appellant.” The question is, whether upon a motion in the superior court for a judgment upon the appeal bond, it has the effect of a record, the verity of which cannot be disputed, or is it to be taken as a bond, the execution of which, though official, may be denied by plea and proof ?
 

 We are clearly of opinion, that by force of the words “shall make a part of the record sent up to the superior court,”
 
 *353
 
 appeal bonds can no more be disputed, or have their verity inquired into, than any other part of the record sent up from the county court. By being made “part of the record,” they acquire all the sanctity of the record, and the parties to them are conclusively bound by them. Being given in the county court, it must be presumed, as a matter of law, that the court took them properly, and when they are certified as part of the record, the law no more intended that the truth of that part of the record should be a subject of question, than any thing else which the court had placed upon its records should be questioned.
 

 It is a strong argument in favor of this construction, that, with regard to bail bonds, which are taken by the sheriff out of court, but which are, nevertheless, when returned to court, so far made a record, that a
 
 scire facias
 
 must issue upon them, the obligors are permitted to deny the execution of them by the plea of
 
 non estfactum,
 
 supported by an affidavit.
 

 If the defendants, never, in fact executed the appeal bond, their remedy was by an application to the County Court to have the records as to the bond, corrected and then to have the transcript of the perfected record sent to the Superior Court. Whether the county court would act at the instance of parties attempting to set up such a defence as that stated by the surety defendants in their affidavit, may well be doubted. The bond may have been, and probably was made perfect before it was delivered, and if so, the obligors have no cause of complaint. At all events, the Court might properly, in the exercise of a sound discretion, refuse to listen to an application to amend by stating a fact to raise a mere technical objection at the expense of the substantial merits and justice of the case.
 

 Our conclusion is, that upon the transcript of the record before him, his Honor, in the Court below, decided right in refusing the plea of the defendants in denial of their bond, and the judgment must, therefore, be affirmed.
 

 Per Curiam,
 

 Judgment affirmed.